No. 21423.

Byron A. Anderson, Secretary of State *v.*
Rudolph (Corky) Gonzales.
(395 P.2d 9)

Decided August 27, 1964.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank
E. Hickey, Deputy, Mr. Richard W. Bangert, Assistant,
Mr. James C. Wilson, Jr., Assistant, for applicant.

Mr. Martin A. Kane, for respondent.

*En Banc.*

Per Curiam.

A requisite qualification of a person for election
to the Colorado legislature is residence for twelve
months within the legislative district wherein he seeks
to be elected. Art. V, Sec. 4, Constitution of Colorado.
Mr. Gonzales does not reside in the district which he

seeks to represent and within which he seeks votes. Hence, he lacks a necessary qualification.

Judgment reversed and cause remanded with directions to dismiss the petition.

MR. JUSTICE MOORE dissents.

MR. JUSTICE SUTTON not participating.

MR. JUSTICE MOORE dissenting.

I dissent. It is my opinion that the action of the majority compounds the usurpation by this court of power which no court possesses, namely, the power to temporarily suspend the free flow of rights and duties guaranteed and commanded by the Constitution of Colorado. I have documented my position in this connection at some length in a dissenting opinion in the very recent case of *White v. Anderson,* 155 Colo. 291, 394 P.2d 333, in which the majority purported to suspend the operation of a provision of the Constitution of Colorado "until the completion of the session of the legislature to be held in 1965."

The rights and duties flowing from constitutional provisions cannot be likened to water in a pipe which can be turned on and off to meet a "complex situation." By "turning off the water" (constitutional provisions) as was done in *White v. Anderson,* supra, a multitude of additional "complex situations" have been created and this proceeding is only the first of many which will assuredly follow.

Having "shut off the water" in the case of *White v. Anderson,* the majority now sees fit to "turn it on again" and invoke constitutional provisions requiring a candidate to live within "the district" which he seeks to represent. It would be consistent with *White v. Anderson* for the majority now to temporarily suspend until after the next election the effectiveness of the constitutional provision requiring a candidate to be a

resident of the "district" which he seeks to represent. Thus another "complex situation" could be solved at the price of constitutional emasculation. The only *constitutional* district which Mr. Gonzales seeks to represent is the district which includes all of the City and County of Denver. Mr. Gonzales lives within that district. Any and all other purported districts are unconstitutional districts and are therefore nonexistent. Districts of this kind cannot be constitutional and unconstitutional at one and the same time.